1   Gregory R. Oxford (# 62333) goxford@icclawfirm.com
2   ISAACS CLOUSE CROSE & OXFORD LLP
    21515 Hawthorne Boulevard, Suite 950
3   Torrance, CA  90503
    Telephone: (310) 316-1990
4   Facsimile: (310) 316-1330

5   Philip E. Holladay, Jr. (Admitted *Pro Hac Vice*)
    pholladay@kslaw.com
6   Robert B. Friedman (Admitted *Pro Hac Vice*)
7   rfriedman@kslaw.com
    KING & SPALDING LLP
8   1180 Peachtree Street, NE
    Atlanta, GA  30309
9   Telephone: (404) 572-4600
    Facsimile: (404) 572-5100
10

11  **Attorneys for Defendant**
    **GENERAL MOTORS, LLC**
12

13              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
                **WESTERN DIVISION**
14

15  GRANITE STATE INSURANCE          )   Case No:  2:11-CV-02611-CAS-AJW
16  COMPANY, a Pennsylvania corporation, )
    and FEDERAL INSURANCE            )   **CONSENT PROTECTIVE ORDER**
17  COMPANY, an Indiana corporation,  )
                                      )
18           Plaintiffs,              )
                                      )
19  vs.                               )
                                      )
20                                    )
    GENERAL MOTORS LLC, a limited     )
21  liability company,                )
                                      )
22           Defendant.               )
                                      )
23  _____  )

24       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the documents and

25  other information, including the substance and content thereof, designated by either Plaintiffs
26
    Granite State Insurance Company ("Granite State") and Federal Insurance Company ("Federal")
27
28  or Defendant General Motors LLC ("GM LLC") as privileged, confidential, and/or proprietary,

DMSLIBRARY01-17449293.1

according to the terms and conditions of this order, and produced in response to any formal or informal request for discovery in this litigation, shall be subject to the terms of this Consent Protective Order of Confidentiality, as set forth below:

1.

For purposes of this Order, "Confidential Information" means:

(a)    those documents and written responses ("Writings") produced by any party in response to any formal or informal discovery request in this case which are specifically designated on the face of the writing with the words "SUBJECT TO PROTECTIVE ORDER" because the party has a good faith belief that the Writing: (i) would otherwise be protected by the attorney-client privilege or work-product doctrine but for the nature of this case; (ii) contains information that is private or confidential; or (iii) is or contains information that is proprietary or a trade secret;

(b)    those pleadings or other papers served upon any party or filed under seal with the Court which are designated on the face of the Writing with the words "SUBJECT TO PROTECTIVE ORDER" because the party has a good faith belief that that the Writing: (i) would otherwise be protected by the attorney-client privilege or work-product doctrine but for the nature of this case; (ii) contains information that is private or confidential; or (iii) is or contains information that is proprietary or a trade secret;

(c)    those pleadings or other papers filed with the Court that quote from Writings, pleadings or other papers that have been disclosed as "SUBJECT TO PROTECTIVE ORDER"; and

(d)    those portions of any deposition transcripts or exhibits that have been designated as "SUBJECT TO PROTECTIVE ORDER" in accordance with the terms of this paragraph.  Deposition transcripts or exhibits are designated as "SUBJECT TO PROTECTIVE

2

ORDER" if: (i) Counsel for Granite State, Federal, or GM LLC orally designate certain testimony or exhibits as subject to this order on the record at a deposition; or (ii) within sixty (60) days after the initial receipt of a deposition transcript, counsel for Granite State, Federal, or GM LLC designate in writing, by specific page and line numbers, testimony or exhibits as subject to this order.

2.

Except with prior written consent of counsel for the opposing party, Confidential Information may be shown or disclosed only to the following persons:

(a)     Counsel in this action;

(b)     Actual employees of counsel assigned to and necessary to assist counsel in the preparation of this action;

(c)     Parties to this action; and

(d)     Independent experts and consultants retained by counsel whose assistance is deemed necessary by counsel for the prosecution or defense of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties, provided that such person has signed an affidavit in the form set forth as Exhibit "A" and that no confidential documents and information shall be disseminated to any expert or consultant:

> (i)     who is an employee of a direct business competitor of the party producing the information; or

> (ii)     who is employed by a direct business competitor of the party producing the information and who directly participates in design, manufacturing, marketing, or service activities of direct business competitors.

3.

Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in specific instances given the nature of the information.

DMSLIBRARY01-17449293.1

4.

The parties agree that the designation "SUBJECT TO PROTECTIVE ORDER" shall not deface or be printed over any of the language of any document disclosed in this litigation.

5.

Any recipient of such Confidential Information shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Protective Order, and shall not use such Confidential Information for purposes other than preparation for trial or settlement of this action, except as allowed under paragraph 2. Any recipient of such Confidential Information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

6.

No party shall give, show or otherwise divulge or disclose the substance or existence of the documents or other information designated as Confidential Information, or any copies, prints, negatives or summaries thereof, to any entity or person with the exception of those individuals identified in paragraph 2. Any recipient of such Confidential Information, pursuant to paragraph 2(d) above, prior to receipt thereof, shall be furnished with a copy of this Protective Order, and shall be required to execute an affidavit of the type attached as Exhibit "A", certifying that the recipient will not use any such Confidential Information in any way whatsoever except as allowed under paragraph 2 herein, and that the recipient has read and is familiar with this Protective Order and agrees to be bound by its terms. The original of each affidavit of the type attached as Exhibit "A", executed by a recipient of Confidential Information pursuant to paragraph 2(d), shall be furnished to counsel who provided such information. Counsel for the party disclosing Confidential Information pursuant to this Protective Order shall deliver to counsel for the other

4

parties copies of all such affidavits executed by recipients of Confidential Information at the close of the litigation.

7.

The parties agree that all Confidential Information and any pleading, motion, deposition transcript or other paper filed with the Court disclosing any Confidential Information should be filed under seal and shall be kept under seal until further order of the Court, should the Court deem such a procedure appropriate; however, said information shall continue to be available to the Court and to such persons permitted access to such information under this Order. Where possible, only the confidential portions of filings with the Court shall be filed under seal.

8.

If any confidential documents are provided by a party to any expert or to any other qualified person pursuant to paragraph 2(d), the attorney for that party shall ensure that all confidential documents in the possession of such persons, and all copies thereof, are recovered from that person within forty-five (45) days of the conclusion of this action.

9.

This Order does not apply to any party's use of:

(a)     its own documents or information;

(b)     documents in its possession, custody or control prior to the filing of this lawsuit;

(c)     documents or information concerning or reflecting transactions or communications to which it was a party; and

(d)     documents or information developed or obtained lawfully and independently of discovery in this action.

However, to the extent that any party has possession, custody, or control of a copy of any document that has been produced by another party and designated as "Confidential Information,"

5

DMSLIBRARY01-17449293.1

1    all such copies shall be considered Confidential Information for all purposes.

2                                         10.

3           Nothing in this Order shall be deemed a waiver of any party's right to (a) oppose

4    discovery on grounds other than that the documents and information sought constitute or contain

5    Confidential Information; or (b) object on any ground to the admission in evidence, at trial of this

6    action, of any Confidential Information.

7

8                                         11.

9           In the event that any party disagrees with a party's designation of any item as Confidential

10   Information and subject to this Protective Order, that party shall send a written notice to counsel

11   of record for the designating party specifying the item in question.  The parties shall attempt in

12   good faith to resolve any disagreement over the confidentiality of the item.  Should the parties fail

13   to reach agreement, the designating party will file a Motion to Preserve Confidential Status.  Any

14   item in dispute shall continue to be treated as confidential and subject to this Order until such

15   time as the court rules that it is not.  Failure to challenge a "Confidential Information" designation

16   shall not preclude a subsequent challenge thereto.

17

18                                         12.

19          Nothing herein shall prevent any party from using the Confidential Information in

20   connection with any trial, hearing or other public proceeding in this matter or from seeking

21   further protection with respect to the use of any such Confidential Information in connection with

22   such trial, hearing or other public proceeding in this matter.

23

24                                         13.

25          The Parties agree that the production of any document by a party – whether or not that

26   document is designated as "Subject to Protective Order" or otherwise constitutes Confidential

27   Information – shall not result in the waiver of any applicable privilege (whether attorney-client,

28

DMSLIBRARY01-17449293.1

1   work product, or other) with respect to other documents addressing the same, or any other,

2   subject matter.  The Parties agree not to assert that the disclosure of any document in this action

3   constitutes a subject matter waiver with regard to other documents, regardless of whether the

4   disclosure was intentional or inadvertent.  The intention of this paragraph is to enable the parties

5   to reasonably limit their use confidentiality designations without creating a risk of subject-matter

6   waiver.  Nothing in this paragraph shall affect the applicability of this Protective Order to any

7   document that is produced.

8

9                                                   14.

10        Neither entering into this Protective Order, nor receiving any documents or other

11  information designated as "Confidential Information" is or shall be construed as an agreement or

12  admission (1) that any document or information designated as "Confidential Information" is in

13  fact Confidential Information;  (2) as to the correctness or truth of any allegation made or position

14  taken relative to any matter designated as "Confidential Information"; or, (3) as to the

15  authenticity, competency, relevancy, or materiality of any information or document designated

16  "Confidential Information."

17

18                                                   15.

19        Nothing in this Order will prejudice any party from seeking amendments broadening or

20  restricting the rights of access to and the use of confidential documents or information, or

21  contesting the designation of a confidential document or qualified person.

22

23

24

25

26

27

28

7

16.

This Order shall remain in force after the completion of this action.

17.

The Court retains jurisdiction to enforce the provisions of this Order.

SO ORDERED, this 14th day of December, 2011.

_____

MAGISTRATE JUDGE ANDREW J. WISTRICH

8

DMSLIBRARY01-17449293.1

1   **CONSENTED AND AGREED:**

2

/s Susan N. K. Gummow
3   Susan N. K. Gummow
James F. Smith
4   BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
115 South LaSalle Street, #3200
5   Chicago, IL 60603
sgummow@butlerpappas.com
6   jsmith@butlerpappas.com

7   Attorneys for Plaintiff
GRANITE STATE INSURANCE COMPANY
8

/s Stephen L. Newton
9   Stephen L. Newton
Lenell Topol McCallum
10  NEWTON REMMEL
1451 Grant Road
11  P.O. Box 1059
Mountain View, CA 94042
12  snewton@newtonremmel.com
lmccallum@newtonremmel.com
13

Attorneys for Plaintiff
14  FEDERAL INSURANCE COMPANY

15  /s Robert B. Friedman
Gregory R. Oxford (# 62333) goxford@icclawfirm.com
16  ISAACS CLOUSE CROSE & OXFORD LLP
21515 Hawthorne Boulevard, Suite 950
17  Torrance, CA  90503
Telephone: (310) 316-1990
18  Facsimile: (310) 316-1330

19  Philip E. Holladay, Jr. (Admitted *Pro Hac Vice*)
pholladay@kslaw.com
20  Robert B. Friedman (Admitted *Pro Hac Vice*)
rfriedman@kslaw.com
21  KING & SPALDING LLP
1180 Peachtree Street, NE
22  Atlanta, GA  30309
Telephone: (404) 572-4600
23  Facsimile: (404) 572-5100

24  Attorneys for Defendant
GENERAL MOTORS LLC
25

26

27

28

9

DMSLIBRARY01-17449293.1

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation, and FEDERAL INSURANCE COMPANY, an Indiana corporation,** )<br>)<br>)<br>)<br>)<br>) | **Case No:**<br>**2:11-CV-02611-CAS-AJW**<br><br>**EXHIBIT A TO PROTECTIVE**<br>**ORDER - AGREEMENT** |
| **Plaintiffs,** )<br>) | |
| **vs.** )<br>) | |
| **GENERAL MOTORS LLC, a limited liability company,** )<br>)<br>) | |
| **Defendant.** )<br>) | |

I, _____, certify that I have read the

Protective Order dated _____, entered in the above-captioned action and further certify that

I fully understand the procedural and substantive requirements of that Protective Order, a copy of

which is attached hereto.  Before reviewing or receiving access to any document, material,

information and/or discovery subject to the protection of that Order and as a condition for such

review and/or access, I understand and agree that I am personally bound by and subject to all of

the terms and provisions of the Order.  I subject myself to the jurisdiction and venue of said Court

for purposes of enforcement of the Order.


_____
(signature)

_____
(print name)

DMSLIBRARY01-17443179.2